[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 13, 2005
THOMAS K. KAHN
CLERK

No. 04-15517
Non-Argument Calendar
_____

D. C. Docket No. 04-00182-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ENRIQUE BELLO TERRIQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Jorge Enrique Bello Terriquez appeals his 135-month sentence imposed after

he pled guilty to possessing 5 kilograms or more of cocaine with the intent to distribute while using a vessel under the jurisdiction of the United States and for conspiring to do those activities, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Terriquez argues that the district court erred by denying him a reduction for a mitigating role in the offense.  In addition, Terriquez argues that the district court violated the Fifth and Sixth Amendments as defined by United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by considering the Guidelines as mandatory rather than advisory.

**Mitigating-role Reduction**

We review a district court's determination of a defendant's role in the offense for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving that his role in the offense was minor by a preponderance of the evidence.  Id. at 939.

A minor-role reduction of a defendant's base offense level by two levels is appropriate where the defendant is less culpable than most other participants, but where his role could not be described as minimal.  U.S.S.G. § 3B1.2, cmt. n.5.  A four-level reduction for playing a minimal role in the offense under U.S.S.G. §

2

3B1.2(a) is warranted only if the defendant is "plainly among the least culpable of those involved in the conduct of a group," and such a reduction is intended to be used infrequently. U.S.S.G. § 3B1.2, cmt. n.4. Indicators of a minimal participant are the "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." Id. A three-level reduction may be warranted for a defendant whose conduct falls between these two standards. U.S.S.G. § 3B1.2.

Two principles guide the district court's determination of whether to grant a minor-role reduction. First, the district court must measure the defendant's role against the relevant conduct for which he has been held accountable. De Varon, 175 F.3d at 940. The amount of drugs in a courier's possession may be the best indication of the magnitude of the courier's participation in the criminal enterprise. Id. at 943. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant a downward adjustment for a minor role in the offense." Id. at 944. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he]

3

was not held accountable." Id. at 941.

Second, the district court may measure the defendant's culpability in comparison to that of other participants in the relevant conduct. The district court should consider other participants only to the extent that they are "identifiable or discernable from the evidence," and only if they were "involved in the relevant conduct attributed to the defendant." Id. at 944.

In the present case, the district court sentenced Terriquez based on the activities to which he pled. Terriquez's relevant conduct and actual conduct were identical so he has not met the first prong of De Varon. See De Varon 175 F.3d at 941. Terriquez fails to meet the second prong of De Varon because of all the individuals involved, Terriquez and his codefendants were key members who were to transport the drugs, and it cannot be said that Terriquez is "plainly among the least culpable." Futhermore, Terriquez pled guilty to possessing over 10,000 pounds of cocaine, and this enforces the denial of a mitigating-role reduction. Id. at 943. Finally, because Terriquez cannot meet the "less culpable than most other participants" minor-role standard, he cannot meet the standard for a minimal-role reduction, which states that the defendant must be "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. n.4.

**Booker Claim**

4

In Apprendi v. New Jersey, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. In Blakely v. Washington, the Supreme Court reversed an upward departure under Washington state's sentencing guidelines system and held that the relevant "'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 296, __, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

In Booker, a case involving Blakely's application to the federal Guidelines, the Supreme Court held that "the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines." 543 U.S. at __, 125 S.Ct. at 746. The Supreme Court also held that, in light of its holding that Blakely does apply to the Guidelines, 18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal) must be severed and excised from the Guidelines, rendering the Guidelines merely advisory. Id. at __, 125 S.Ct. at 756-57. The Supreme Court held, however, that district courts still must consider the Guidelines. Id. at __,

5

125 S.Ct. at 757, 764.

In reviewing a <u>Booker</u> claim, we must first determine whether there is a preserved objection. See <u>United States v. Dowling</u>, 403 F.3d 1242, 1246 (11th Cir. 2005). Here, Terriquez made a <u>Blakely</u> objection to the application of the Guidelines in the PSI and at sentencing. Where a defendant timely raised a <u>Blakely</u> objection in the district court, we review the claim on appeal <u>de novo</u>, but reverse only for harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).

The standard for harmless error depends on the type of error that is alleged, either constitutional error or statutory error. <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291 (11th Cir. 2005) (citing <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005)). A constitutional error occurs when there is an extra-verdict enhancement that results in a Guidelines range that is binding on the district court. <u>Id.</u> A statutory violation occurs when, in the absence of a Sixth Amendment enhancement violation, the district court sentences under a mandatory Guidelines scheme. <u>Id.</u> We have held that "constitutional errors are harmless where the government can show, beyond a reasonable doubt, that the alleged error did not contribute to the defendant's ultimate sentence," and a statutory error is harmless if it is determined that the proceedings in their entirety did not affect the sentence "or

had but a very slight effect." Id. at 1291-92.

Here, Terriquez raises a statutory error, and the district court erred in sentencing him under the Guidelines as mandatory. Because there is no clear indication of what sentence the district court would have imposed had it known the Guidelines were only advisory, the government has not met its burden to show that the error did not affect the sentence "or had but a very slight effect." Mathenia, 409 F.3d at 1292. Accordingly, the error was not harmless, and we vacate and remand.

## Conclusion

Upon a review of the record and upon consideration of the parties' briefs, we affirm the district court's denial of a mitigating-role reduction and vacate and remand for resentencing consistent with the U.S. Supreme Court's holding in Booker.

**AFFIRMED in part, VACATED AND REMANDED in part.**[1]

---

[1] Terriquez's request for oral argument is denied.